NORRED LAW, PLLC
Warren Norred, Texas State Bar No. 24045094
515 E. Border St. | Arlington, Texas 76010
Phone: (817) 704-3984 | warren@norredlaw.com
Attorneys for Andy Soto

# United States Bankruptcy Court
## Northern District of Texas
## Dallas Division

| | |
|---|---|
| In re Pauline Coronado-Newton, | Case No. 20-33047-hdh13 |
| Debtor | Chapter 13 |
| Andy Soto, | |
| Movant/Plaintiff | A Contested Matter |
| Pauline Coronado-Newton, Debtor, and Tom Powers, Chapter 13 Trustee, | Preliminary Hearing August __, 2021 at 1:30 p.m. |
| Respondents/Defendants | |

## Motion for Relief from Automatic Stay Concerning State Court Litigation Involving Fraudulent Conduct

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT OR BEFORE CLOSE OF BUSINESS ON AUGUST 23, 2021, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Andy Soto ("Movant") files this *Motion for Relief from the Automatic Stay* against debtor Pauline Coronado-Newton and Tom Powers, Chapter 13 Trustee ("Respondents") in the above-captioned bankruptcy proceeding under Rules 4001, 9014, and Local Rule 4001-1, and hereby moves this Court to grant Movant relief from the automatic stay provisions of 11 U.S.C. § 362. The facts and circumstances supporting this motion are set forth in the Andy Soto's Declaration in Support of the Motion which is filed contemporaneously with this Motion. In further support of the Motion, Movant respectfully states:

1.      This United States Bankruptcy Court for the Northern District of Texas has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362. This is a core proceeding within 28 U.S.C. §§ 157(b)(2)(A), (G), and (O).

2.      On December 15, 2020, Pauline Coronado-Newton ("Debtor," or "Coronado") filed a voluntary bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

3.      In November 12, 2020, Andy Soto contacted Coronado to help him locate and purchase a home. Soto was referred to Coronado by a recommendation of a friend, who also happened to be Coronado's nephew.

4.      Coronado advised Soto that he would be continually "in the whole" while renting and that purchasing a home would be a wiser financial decision. Further, Coronado explained that he could always sell the home later if he were to get into financial trouble.

5.     Coronado suggested to Soto that he rent-to-own the property located at 1610 Acosta St., Grand Prairie, Texas 75051 ("Property"). Coronado represented to Soto that Coronado and her associates would enter into a rent-to-own agreement for the Property where Soto would put down a deposit of $20,000 and pay monthly installments of $1,400.

6.     Relying on Coronado's representations, Soto made a payment of $500 to Coronado on November 19, 2020, and continued to pay Coronado more than $20,000.

7.     In addition, Soto made extensive repairs and improvements to the Property in the amount of not less than $4,000. Coronado agreed to credit the costs of such repairs toward the total price of the Property.

8.     The actual owners of the Property were Biju Abraham, David Romeo Alaniz, and Rahim Mawani of A & R Texas Properties LLC. This fact was not disclosed by Coronado.

9.     On February 28, 2021, two individuals appeared on the Property and introduced themselves as "Abraham" and "David." Soto later learned their full names were Biju Abraham and David Romeo Alaniz.

10.     Abraham and David told Soto that they were the owners of the Property, that Coronado had not given them any of Soto's money, that Coronado had no ownership interest in the Property, and that Coronado had no authority to enter into the rent-to-own agreement with him.

11.    Abraham and David also explained to Soto that Coronado had a history of defrauding people and that his money was likely gone. If Soto wanted to stay at the Property then he would need to begin making rent payments to Abraham and David.

12.    Soto insisted that a lease be drawn up and that certain repairs be made to the Property before he would begin making any payments. Abraham and David agreed to the repairs, but never completed them and never provided Soto with a lease agreement.

13.    At some point, Soto discovered that the water and electricity had been shut off but was unable to reach Abraham, so Soto restored service under his own name. Soto then received a call from a person identifying herself as "Maria" who claimed she handled the legal problems for the Property owner. She informed Soto that Abraham and David were not the owners of the Property, that Soto was a squatter, and that he'd be receiving a notice to vacate if he did not leave the Property. Maria also confirmed that Coronado had caused these kinds of problems for people in Soto's position before.

14.    When Soto confronted Coronado about refunding the $20,000 he had given her, she insisted that Abraham and David were lying and indicated that the money was gone and she could not afford to repay Soto. As an alternative, Coronado suggested that she could find another place for Soto and his family to live.

15.    Unsure of whom to believe, Soto determined that it would be best to move his family from the Property given its current state of disrepair. Coronado had

previously suggested that Soto use her associate Daulat Aggarwaal for financing an alternate home purchase for Soto. When Soto contacted Aggarwaal for this purpose, Aggarwaal refused to work with Soto unless and until Soto made an upfront payment to Coronado of $5,000 as a finder's fee. Soto paid Coronado the additional $5,000. Shortly thereafter, the financing with Aggarwaal fell through, and Coronado again refused to refund Soto the additional $5,000 fee.

16. On or about July 13, 2021, Soto sued[1] Coronado along with co-defendants Biju Abraham and Daulat Aggarwaal, among others, in Civil Action No. 3:21-cv-01620-X in the United States District Court for the Northern District of Texas, Dallas Division. A copy of the Plaintiff's Original Complaint is attached as Exhibit 1.

17. The complaint alleges causes of action against Coronado which include statutory fraud, common law fraud, violations of Texas DTPA, among others. Soto contends that monetary damages he suffered as a result of Coronado's misconduct are excepted from discharge under 11 U.S.C. § 523(a)(2), (4), and (6).

18. Soto asks this Court to lift the stay pursuant to 11 U.S.C. § 362(a), so that Soto may pursue its claim against Coronado.

<u>Requested Relief</u>

19. Movant asks the Court to lift the stay only to the extent that would allow Movant to continue legal proceedings and serve Coronado to enforce rights

---

[1] Soto filed the Original Complaint against Coronado and several other defendants during this bankruptcy proceeding, stating within it that it will not be prosecuted against Coronado until this stay is lifted. Coronado did not list Soto as a creditor and provided no notice to Soto or the undersigned attorneys of the existence of this bankruptcy proceeding. Soto filed a suggestion of bankruptcy in the district court lawsuit and now files the requested relief to proceed with the state court lawsuit.

against the Coronado in state court. In the alternative, Movant asks this Court for an order confirming that the stay does not prevent the Movant from reducing his claim to a judgment in the federal district court.

20.     Movant will need the participation of the Debtor, via discovery requests and deposition, in an effort to enforce his rights. Therefore, the Movant is asking the Court to lift the stay to the extent necessary to compel testimony or other discovery from Debtor in connection with pursuing his claims.

21.     The majority of the defendants are not debtors in a bankruptcy proceeding. *See Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001) (generally, actions against non-debtor defendant does not violate stay where debtor is not a real party in interest).

22.     Cause to lift the stay exists because the relief sought is to enforce Movant's rights against Coronado for fraud and other misconduct. While Movant seeks a judgment that may determine issues related to dischargeability, it will not affect the estate because (1) Movant will not execute on any judgment without Bankruptcy Court's approval, and (2) the Debtor's confirmed plan does not include Movant's claim. See 11 U.S.C. §§ 362(a)(1) and (d)(1).

**WHEREFORE**, Movant asks the Court to enter an order granting relief from the automatic stay imposed by 11 U.S.C. § 362 and waiving the 14-day stay of such order under Rule 4001(a)(3), allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to perfect and enforce his claims against the Debtor.

Movant asks for such other and further relief to which it is justly entitled.

Respectfully submitted:

By: */s/ Warren Norred*

Warren Norred
Texas State Bar No. 24045094
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
warren@norredlaw.com
Attorney for Andy Soto

## Certificate of Conference

On August 4, 2021, my office conferred with counsel for debtor by email and telephone. Counsel for debtor indicated that the Debtor was opposed to the relief requested.

/s/ *Warren Norred*

## Certificate of Service

I hereby certify that on August 9, 2021, a true and correct copy of the foregoing document has been served via electronic means, if available, otherwise by the service indicated below, to:

*Debtor(s) via US Mail:*

Pauline Coronado-Newton
4507 N. O'Connor Rd., No. 2143
Irving, TX 75062

*Counsel for Debtor(s) via US Mail and CM/ECF:*

Marcus B. Leinart
Leinart Law Firm
10670 N. Central Expressway, Suite 320
Dallas, TX 75231

*Chapter 13 Trustee via CM/ECF:*

Thomas Powers
105 Decker Court, Suite 1150
Irving, TX 75062

*US Trustee via CM/ECF:*

Office of the US Trustee
1100 Commerce, Room 976
Dallas, TX 75242

/s/ *Warren Norred*