

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 1, 2022

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PAULINE CORONADO-NEWTON, | § | CASE NO. 20-33047-HDH-13 |
| DEBTOR, | § | |
| | § | |
| FORD MOTOR CREDIT COMPANY LLC, | § | |
| MOVANT, | § | |
| | § | |
| VS. | § | A Hearing on the Motion for |
| | § | Relief from the Automatic Stay |
| PAULINE CORONADO-NEWTON, | § | or, in the Alternative, Request |
| RESPONDENT. | § | for Adequate Protection set: |
| | § | **FEBRUARY 2, 2022 AT 11:30 A.M.** |

**AGREED ORDER REGARDING THE AUTOMATIC STAY**
**(resolves docket numbers: 82 & 83)**

There came on for consideration before this Court, on the date recited hereinabove, the Motion for Relief from the Automatic Stay or, in the Alternative, Request for Adequate Protection ("Motion") filed by Ford Motor Credit Company LLC ("Creditor") complaining of Pauline Coronado-Newton ("Debtor"). Creditor was represented by and through its attorney of record, Stephen G. Wilcox of the firm of Wilcox Law, PLLC. Debtor was represented by and through his attorney of record, Richard Anderson. The Trustee, although served with a copy of the Motion and Notice of Hearing, failed to appear or otherwise respond. Prior to the introduction of evidence, Creditor and the Debtor announced to the Court they had agreed to the following:

1. Debtor agrees and stipulates that Creditor has a perfected security interest in a 2018 Ford Ecosport, vehicle identification number MAJ3P1RE3JC190427 (the "Collateral"). Debtor signed a contract for the purchase of the Collateral dated June 14, 2018 ("Contract"). Creditor has assigned this debt account number ending in 4821.

2. Debtor has arrears of $1,528.35 (October 29, 2021 through January 29, 2022). Debtor shall make a payment of $574.64 to Creditor on or before February 3, 2022. There is no grace period for making this payment. Failure to make this payment is an event of default pursuant to the terms of this Agreed Order, without the necessity of sending a written notification. Debtor shall make payments of $574.64 each to Creditor on or before February 28, 2022; March 29, 2022; April 29, 2022; May 29, 2022; and June 29, 2022. Debtor shall resume making payments pursuant to the Contract on July 29, 2022, said payments to continue thereafter pursuant to the terms and conditions of the Contract. Other than the payment for which there is no grace period, if Debtor fails to make any payment required pursuant to the terms of this Agreed Order, Creditor shall send a written notification, via first class mail, postage pre-paid, to Debtor of the failure to make the payment. Debtor shall have ten (10) days from the date the written notification is sent to cure the arrearage in full. Failure to cure the arrearage in full is an event of default pursuant to the terms of this Agreed Order. Debtor's mailing address for purposes of sending this written notification is 4507 N. O'Connor Rd., No. 2143, Irving, TX 75062. Debtor must notify Wilcox Law, PLLC, P. O. Box 201849, Arlington, Texas 76006, Attention: Bankruptcy Address Change, of any change in Debtor's mailing address for the purposes of sending this written notification pursuant to this Agreed Order. Any such change in address must be in writing. If a written notification is sent pursuant to this Agreed Order, Debtor's counsel shall also be sent a copy of that written notification by first class mail, postage pre-paid. Debtor shall be entitled to one written notification. After one written notification is sent, failure of Debtor to make any payment pursuant to this Agreed Order on or before ten (10) days from the date said payment is due is an event of default pursuant to the terms of this Agreed Order. In the event that Debtor surrenders the Collateral or files a modification of the Chapter 13 Plan to surrender the Collateral or files a Final Plan providing for the surrender of the Collateral, the automatic stay shall immediately terminate as to the Collateral, without the necessity of sending a written notice. At Creditor's sole discretion, Creditor may send monthly payment invoices to Debtor without violating the automatic stay or any post-discharge injunction.

3. Debtor agrees and stipulates to provide Creditor with written proof of full coverage insurance. The proof of insurance must list Creditor as loss-payee and have a maximum deductible of $500.00 and be otherwise acceptable to Creditor. Said proof of insurance must be delivered to Wilcox Law, PLLC, P.O. Box 201849, Arlington, TX 76006 or by email to Kim Raudry at

kraudry@wilcoxlaw.net, on or before February 3, 2022.  Failure to provide written proof of insurance as required herein is an event of default pursuant to the terms of this Agreed Order. Debtor agrees and stipulates to maintain full coverage insurance on Creditor's Collateral throughout the pendency of this bankruptcy proceeding.  Failure to maintain full coverage insurance on Creditor's Collateral, listing Creditor as loss-payee and with a maximum deductible of $500.00, throughout the pendency of this bankruptcy proceeding is an event of default pursuant to the terms of this Agreed Order.  If the vehicle is damaged and declared a total loss by the insurance company, it shall be an immediate event of default under the terms of this Agreed Order.

4. In the event of a default pursuant to the terms of this Agreed Order, Debtor agrees and stipulates that the automatic stay shall immediately terminate as to Creditor and Creditor will be entitled to repossess and sell its Collateral and exercise its state law and contractual remedies, consistent with state law, without further order of this Court and without the necessity of sending a notice to the Debtor of the intention to accelerate the debt or of the intention to repossess the Collateral or of any right to cure.  Debtor further agrees and stipulates that Creditor may seek all writs and other state court orders necessary to obtain possession of the Collateral in the event it is not voluntarily surrendered.

5. Debtor agrees and stipulates that Creditor may take all actions necessary to maintain a perfected security interest in the Collateral throughout the pendency of this bankruptcy proceeding, including but not limited to, recording all notations of its lien of record, without violating the automatic stay.

6. Debtor agrees and stipulates to maintain the Collateral in good repair during the pendency of this bankruptcy proceeding.

7. This Order is binding on Debtor in the event of a conversion of this case and on all successors in interest including, but not limited to, any Trustee appointed upon the conversion of this case.  Conversion of this case to a case under Chapter 7 shall be an immediate event of default under the terms of this Agreed Order.  This Agreed Order shall remain in full force and effect following the confirmation of a Plan in this case and neither the Plan nor the Order of confirmation nor any modification of the Chapter 13 Plan shall alter or amend the terms and provisions of this Agreed Order.

8. For purposes of this Agreed Order, a payment shall be construed to be made when the payment is actually received by the payee and the payment is made with good and sufficient funds.  Tender of a payment to Creditor which is subsequently returned due to insufficient funds shall not constitute a payment pursuant to the terms of this Agreed Order.  Acceptance by Creditor of a payment following an event of default shall not be a waiver of the default.

IT IS THEREFORE ORDERED that the agreement by and between Creditor and Debtor as recited hereinabove is approved in all respects and constitutes a binding Order of this Court.

IT IS FURTHER ORDERED that this agreement is in the best interest of the Debtor, the estate and all interested parties.

IT IS FURTHER ORDERED that this Agreed Order is effective immediately and is not stayed for fourteen days following the entry of this Agreed Order.

IT IS SO ORDERED.

### End of Order ###

APPROVED AS TO SUBSTANCE AND FORM:

| /s/Stephen G. Wilcox<br>Stephen G. Wilcox<br>State Bar Number 21454300<br>WILCOX LAW, PLLC<br>P.O. Box 201849<br>Arlington, Texas 76006<br>(817) 870-1234 Telephone<br>swilcox@wilcoxlaw.net<br><br>ATTORNEY FOR FORD MOTOR CREDIT COMPANY LLC | /s/Richard Anderson<br>** Richard Anderson<br>State Bar Number 24045408<br>Marcus Leinart<br>State Bar Number 00794156<br>Leinart Law Firm<br>10670 N. Central Exprwy, Ste 320<br>Dallas, TX 75231<br>469.232.3328 Phone<br>214.221.1755 Fax<br><br>ATTORNEY FOR DEBTOR<br><br>**signed by Stephen G. Wilcox who has permission to sign the original Order on my behalf and to submit it to the Court for entry. |

1702-37189-540472